IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-460-RJC
(3:06-cr-6-RJC)

| | |
|---|---|
| JIMMY ALONZO WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1); the Government's Motion to Dismiss, (Doc. No. 5); Petitioner's Response (Doc. No. 6); and counsel's Motion to Withdraw, (Doc. No. 7).[1] For the reasons that follow, the Government's motion will be granted, and Petitioner's motion will be dismissed.

**I. BACKGROUND**

On June 20, 2006, Petitioner pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count Three); possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Four); and Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Five). (Case No. 3:03-cr-6, Doc. No. 15: Acceptance and Entry of Guilty Plea). The Court sentenced Petitioner to concurrent terms of 180 months' imprisonment on Counts Three and Five and a consecutive term of 84 months on Count Four and entered

---

[1] A standing Order in this district provides for the appointment of the Federal Defenders of Western North Carolina, Inc., for the limited purpose of reviewing potential claims under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Case No. 3:12-mc-92, Doc. No. 1). Counsel has concluded that Petitioner is not entitled to relief. (Doc. No. 7: Motion to Withdraw). Accordingly, counsel will be allowed to withdraw.

1

Judgment on September 11, 2007. (Id., Doc. No. 25: Judgment at 1-2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which found Petitioner was properly treated as a career offender and affirmed his sentence. United States v. Wright, 274 F. App'x 321 (4th Cir. Apr. 22, 2008).

On July 26, 2012, Petitioner filed the instant motion under § 2255 contending he is not a career offender because a prior conviction that no longer qualifies in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 1 at 4). He further argues that an alleged juvenile conviction was improperly used to qualify him as a career offender and that his attorney was ineffective for not challenging these prior convictions at sentencing and on direct appeal.[2] (Id. at 5, 7).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

---

[2] Petitioner's fourth ground relates to sentences on grouped counts that would be affected if he were not considered a career offender. (Doc. No. 1: Motion at 8). Because Petitioner is not entitled to relief on his claim that he should no longer be considered a career offender, this issue is moot.

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's Judgment became final on or about July 22, 2008, or 90-days after the Fourth Circuit filed its decision affirming his sentence. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Petitioner contends that his motion is timely under § 2255(f)(3) because it was filed within one year of the date Fourth Circuit filed its opinion in United States v. Simmons. In addition, Petitioner contends that his motion, filed July 26, 2012, is timely under § 2255(f)(4) based on equitable tolling. (Doc. No. 1 at 14). However, the date of the Simmons decision did not trigger a one-year period under § 2255(f)(3) because the Supreme Court did not initially recognize a right, made retroactively applicable to cases on collateral review, on that date. He is not entitled to equitable tolling because he does not present a meritorious claim for relief, as discussed below. Thus, the Court finds that Petitioner's motion is untimely.

Considering the merits of the motion, Petitioner asserts that his breaking and entering conviction did not carry a year and a day; therefore, under Simmons it does not qualify as a predicate felony for career offender classification. (Doc. No. 1: Motion at 4). In Simmons, the Fourth Circuit en banc held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could have been sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

The decision in Simmons resulted from the Court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), namely, that focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. After Petitioner filed the instant motion, the Fourth Circuit held that the Supreme Court's decision in Carachuri, and its en banc opinion in Simmons were not retroactive to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for retroactive application of [Carachuri and Simmons] fails in light our recent opinion in [Powell]."); United States v. Walker, No. 11-6660, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished)

4

(rejecting petitioner's § 2255 challenge to his career offender enhancement and holding that "<u>Carachuri</u> claims may not be raised retroactively in collateral proceedings."). These holdings preclude relief in this § 2255 proceeding.

Petitioner's second ground for relief involves an allegation that he was a juvenile when he was convicted of common law robbery; therefore, that conviction is not a predicate for career offender classification. (Doc. No. 1: Motion at 5). However, the case on which Petitioner relies is from 2001, (Doc. No. 1: Memorandum at 16), and he has not shown any barrier to raising the issue within the statute of limitations period; therefore, it is untimely. Even considering the merits, an offense committed at age 18 or older is an adult conviction. USSG §4B1.2 comment. (n.1). According to the Presentence Report, the robbery offense was committed on November 19, 1992. (Case No. 3:06cr6, Doc. No. 36 at ¶ 46). Comparison of that date to Petitioner's date of birth, (<u>Id.</u> at 2), establishes that he was 19 at the time of the offense. Therefore, he is not entitled to relief on this claim.

Finally, Petitioner claims his counsel was ineffective for failing to challenge the predicate felonies used to classify him as a career offender. (Doc. No. 1: Motion at 7). Not only is this claim untimely, but <u>Harp</u> precluded a challenge to the breaking and entering conviction based on length of sentence at the time.[3] <u>See</u> <u>United States v. McNamara</u>, 74 F.3d 514, 516 (4th Cir. 1996) (finding that "failure to anticipate a new rule of law [is] not constitutionally deficient") (citations omitted). Counsel was likewise not ineffective for failing to challenge the robbery conviction because it clearly qualified as an adult conviction as detailed above. Therefore, Petitioner is not entitled to relief on his ineffective assistance of counsel claim.

---

[3] Counsel did raise other challenges to the conviction that were unsuccessful. (Case No. 3:06cr6, Doc. No. 19: Sentencing Memorandum).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate (Doc. No. 1) is **DISMISSED**;

2. Respondent's Motion to Dismiss (Doc. No. 5) is **GRANTED**; and

3. Counsel's Motion to Withdraw (Doc. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge