IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12–cv-460-RJC
(3:06-cr-6-RJC)

| | |
|---|---|
| JIMMY ALONZO WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motions to Alter or Amend a Judgment per Fed. R. Civ. P. 59(e), (Doc. No. 12, 13), and his Motion for Summary Judgment, (Doc. No. 17). For the reasons that follow, Petitioner's motions will be dismissed as unauthorized, successive Motions to Vacate under 28 U.S.C. § 2255.

On March 22, 2013, the Court dismissed Petitioner's § 2255 motion in which he claimed his was improperly sentenced as a career offender based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the use of an alleged juvenile conviction, and alleged ineffective assistance of counsel in failing to challenge prior convictions. (Doc. No. 8: Order). Nearly nine months after that Order was entered, Petitioner filed a Motion for Leave to File Amended Complaint in which he sought to add arguments against career offender designation.[1] (Doc. No.

---

[1] Petitioner also sought to claim that he was unconstitutionally denied counsel in post-conviction proceedings. (Doc. No. 10: Motion at 4). However, there is no constitutional right to

1

10). The Court denied the motion because the § 2255 petition to be amended had already been dismissed. (Docket Order, March 3, 2014); See Calvary Christian Center v. City of Fredricksburg, Virginia, 710 F.3d 536, 538 (4th Cir. 2013) ("We have repeatedly held that a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated.").

The instant motions nominally seek reconsideration of the Docket Order denying the motion to amend, but ultimately continue to challenge Petitioner's designation as a career offender.[2] The presentation of new legal arguments in support of the claim at issue in the initial § 2255 ruling shows that the instant motions are successive collateral review applications which this Court lacks jurisdiction to consider. United States v. Winestock, 340 F.3d 200, 205-07 (4th Cir. 2003). Pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h), Petitioner must obtain the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, the instant motions must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (failure of petitioner to obtain authorization to file a second or successive petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place."); United States v. Dudley, No. 12-7927, 2012 WL 765721, at *1 (4th Cir. Mar. 1, 2013) (district court obligated to dismiss unauthorized successive § 2255 motion).

---

counsel in proceedings under 28 U.S.C. § 2255. See Crowe v. United States, 175 F.2d 799, 801 (4th Cir. 1949).
[2] Regarding the Docket Order denying the motion to amend, Petitioner claims he was denied due process because he allegedly did not receive notice of the Order dismissing his § 2255 petition. (Doc. No. 11: Letter; Doc. No. 13: Motion at 1). Accordingly, the Court will not apply the time limitation for filing a Rule 59(e) motion.

2

**IT IS, THEREFORE, ORDERED** that Petitioner's Motions to Alter or Amend a Judgment per Fed. R. Civ. P. 59(e), (Doc. No. 12, 13), and his Motion for Summary Judgment, (Doc. No. 17), are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 16, 2014

Robert J. Conrad, Jr.
United States District Judge